### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YOLANDA A. WISSINGER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-08-891-R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach entered May 26, 2009 [Doc. No. 13] and Plaintiff's Objections to the Report and Recommendation [Doc. No. 14]. In support of the objections Plaintiff makes the same arguments to the Court that she made to the Magistrate Judge. In addition, Plaintiff objects to the Magistrate Judge's failure to make specific findings in his Recommendations regarding Plaintiff's allegation that the ALJ erred in determining Plaintiff's residual functional capacity ("RFC"). The Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objections.

Generally, the treating physician rule "requires the ALJ to give controlling weight to the opinion of a treating physician as long as it is supported by medically acceptable clinical and laboratory diagnostic techniques and it is not inconsistent with other substantial evidence in the record." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). If the ALJ rejects

a treating physician's opinion, he must articulate specific, legitimate reasons for doing so. *Id.*

In this case, the ALJ clearly gave controlling weight to Dr. Riccitelli's opinions that Plaintiff had the impairments of obesity, diabetes, back pain and right knee pain which were severe and that she had exertional limitations that prevented her from doing other than sedentary work. The ALJ in effect gave controlling weight to Dr. Riccitelli's RFC findings as to Plaintiff's ability to lift, stand and/or walk and sit. Compare RFC by Kevin Riccitelli, D.O. (Tr. at 224-230) to ALJ's Decision at p. 5, ¶ 5. The ALJ obviously rejected Dr. Riccitelli's assessment that Plaintiff could never climb, balance, kneel, crawl or crouch, see RFC by Dr. Riccitelli (Tr. at 226); compare with ALJ's Decision at p. 5, ¶ 5, because the MRIs showed that Plaintiff was suffering from only mild degenerative disc disease which was not progressing and without nerve impingement, only mild osteoarthritis of the left hip and, moreover, that examinations of Plaintiff reflected that while she had some tenderness in the sacroiliac joints to the touch she had no problems with heel and toe walking and performing repetitive and rapid alternating movements; her straight leg raises were negative, she maintained good range of motion and a normal gait; and her deep tendon reflexes remained intact. *See* ALJ's Decision at p. 9 (Tr. at 22). Thus, the ALJ found that "[certain of ] Dr. Riccitelli's conclusions are not supported by MRIs, examinations, or laboratory tests in evidence." *Id.* The ALJ did not err in rejecting some of Plaintiff's treating physician's opinions or conclusions as to Plaintiff's posteral limitations which, in any event, do not appear to be relevant or material to the jobs of telephone sales clerk and general clerk. *See*

SSR 96-92, 1996 WL 374185 at * 7 (July 2, 1996)("Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work).

The ALJ properly evaluated Plaintiff's complaints of pain. She first found that "the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms . . . ." ALJ's Decision at 8-9 (Tr. 21-22). However, she also found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible and are not supported by the evidence." *Id.* at 9 (Tr. at 22). In determining that Plaintiff's statements about the intensity, persistence and limiting effects of her pain were not entirely credible, the ALJ properly considered factors such as the consistency between Plaintiff's testimony concerning her pain and the objective medical evidence, Tr. 22, the extent of Plaintiff's attempts to obtain relief, Tr. 19-22, the levels and effectiveness of medications, Tr. at 19, 21 & 22, and the inconsistency of Plaintiff's complaints of pain. *See, e.g., Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991). Plaintiff states that "the ALJ relied on only certain portions of the evidence and failed to consider objective findings that support Plaintiff's complaints of pain, but Plaintiff fails to point to an objective finding in the record which support Plaintiff's complaints of pain that the ALJ did not consider or, for that matter, specifically mention in her decision.

Having found that the ALJ gave controlling weight to most of Dr. Riccitelli's RFC findings and properly rejected others, giving reasons therefor, and that the ALJ properly evaluated Plaintiff's complaints of pain, the Magistrate Judge found it unnecessary to separately address the ALJ's RFC determination.  Now Plaintiff "asserts that the Magistrate has failed to clarify to subsequent reviewers the weight given to Dr. Riccitelli's RFC assessments and the reasons for that weight."  Objections at p. 4.  The Court has now clarified the weight given by the ALJ to Dr. Riccitelli's RFC assessments and the reasons for rejecting some of such assessments.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 13] is ADOPTED in its entirety and the decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for disability insurance benefits is AFFIRMED.

IT IS SO ORDERED this 10th day of July, 2009.

*David L. Russell* (signature)

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE